UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SCOTT CLEM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:20-CV-88-DRL-MGG |
| | ) |
| OZINGA READY MIX CONCRETE, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

On April 1, 2020, Plaintiff filed his Unopposed Motion for Jury Trial under Fed. R. Civ. P. 39(b) in this employment discrimination case.

Under Fed. R. Civ. P. 38(b)(1), any party "may demand a jury trial by serving the other parties with a written demand . . . no later than 14 days after the last pleading directed to the issue is served." When a jury demand is not properly served and filed within the time allowed under Rule 38(b), "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). The court retains discretion to grant untimely demands for a jury trial in situations where a good reason for the belated demand is shown. *Olympia Exp., Inc. v. Linee Aeree Italiane, S.P.A.*, 509 F.3d 347, 352 (7th Cir. 2007) (internal citations omitted). "Once a litigant offers a reason for the belated request for a jury trial, the district court ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation of that particular case, rather than with a fixed policy." *CSX Transp.*,

*Inc. v. Chicago S. Shore & S. Bend R.R.*, No. 2:13-CV-285-RL-PRC, 2014 WL 2803992, at *1 (N.D. Ind. June 19, 2014) (internal quotations omitted) (citing *Members v. Paige*, 140 F.3d 699, 703 (7th Cir. 1998)).

Here, Plaintiff acknowledges he is seeking leave for a jury trial after the Rule 38(b)(1) deadline for serving a jury demand has passed. However, Plaintiff does not offer a good reason for the belated request. Plaintiff merely states that he is making the late request after removal to this Court and discussions with his attorney. [DE 11 at 3, ¶ 3]. "In the absence of strong and compelling reasons to the contrary, untimely jury demands should be granted" after a good reason for the delay is shown. *Merritt v. Faulkner*, 697 F.2d 761, 767 (7th Cir 1983); *see also Olympia Exp., Inc.*, 509 F.3d at 352. (7th Cir. 2007). Lacking sufficient showing of good cause, an immediate favorable decision is not warranted. Even in this employment discrimination case, which is likely to involve factual disputes, Plaintiff has not provided any reason why his claims would be best handled by a jury rather than by a judge. *See Lawyer v. 84 Lumber Co.*, No. 96 C 0356, 1997 WL 24748, at *2 (N.D. Ill. Jan. 17, 1997) (citing *Pennington v. Allstate Ins. Co.*, 1996 WL 476007, at *3 (W.D. Mo. Aug. 18, 1996); *Oswald v. Laroche Chems., Inc.*, 162 F.R.D. 283, 284-85 (E.D. La. 1995)).

Therefore, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion for a jury trial. [DE 11]. Plaintiff may file an amended motion by **April 10, 2020**.

**SO ORDERED** this 3rd day of April 2020.

s/Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge